IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. BYRON V. BUSH and ) <br> KELLY DIANE BUSH, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RELIANT BANCORP, INC., et al., ) <br>     Defendants. ) | Civil Action No. 3:21-cv-00525 <br> Judge Richardson / Frensley |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND BACKGROUND

This matter is before the Court upon two Motions to Dismiss Plaintiffs' Second Amended Complaint, both filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6): the first, filed by Defendants Reliant Bancorp, Inc., William Ronald DeBerry, Reliant Bank, Devan D. Ard, Jr., and Rick Belote (collectively "Reliant Defendants") (Docket No. 27); and the second, filed by Defendants Court of Appeal Judges Frank Clement and Steven Stafford, and Chancellor James Martin III (collectively "Judicial Defendants") (Docket No. 33).[1]

Both Motions are accompanied by supporting Memoranda of Law. Docket Nos. 28, 34.

Plaintiffs have filed Responses to each Motion. Docket Nos. 30, 36.

    A.    **Reliant Defendants' Motion to Dismiss**

The Reliant Defendants have filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)1 and 12(b)6, arguing that this action must be dismissed because:

---

[1] Also pending before the Court is Plaintiffs' Motion for Summary Judgment and two Motions to Stay Plaintiffs' Motion for Summary Judgment pending the Court's ruling on the instant two Motions. Because the undersigned finds, for several reasons, that this action is barred, the undersigned will not discuss Plaintiffs' Motion for Summary Judgment.

1

(1) Plaintiffs ask this Court to overturn a final, non-appealable judgment of the Chancery Court for the 21st Judicial District of Tennessee – an action that is barred by the *Rooker-Feldman* doctrine;

(2) Inasmuch as Plaintiffs now assert claims under 42 U.S.C. 1983, those claims are barred both by the statute of limitations and by Plaintiffs' failure to plausibly assert that any of the Reliant Defendants acted under of color of state law;

(3) Plaintiffs' claims are barred by *res* judicata because all of their issues were, or could have been, litigated in the numerous state-court proceedings that preceded this lawsuit.

Docket Nos. 27, 28.

The Reliant Defendants further argue that even if this action weren't barred by the doctrine of *res judicata*, the *Rooker-Feldman* doctrine, the expiration of the statute of limitations, and the failure to plausibly assert that any of the Reliant Defendants acted under color of state law, Plaintiffs' still would be unable to prevail because their factual allegations, even if true, fail to state a claim upon which relief can be granted against Reliant Bancorp, Inc. or Ronald DeBerry. *Id.* The Reliant Defendants note that this Court has given Plaintiffs' several opportunities to correct the numerous deficiencies in their Complaints, but despite these opportunities, Plaintiffs have been unable to do so. *Id.*

For these reasons, the Reliant Defendants argue that their Motion should be granted, and this action should be dismissed with prejudice. *Id.*

Plaintiffs argue in their Response that the "Reliant Defendants would suggest that Plaintiffs have had four fair and balanced attempts at justice in state courts, that Plaintiffs presented their case to an unbiased judiciary, but simply and fairly lost on each occasion, only to now have sour grapes; and desire to be reheard concerning the same matters." Docket No. 30. Plaintiffs maintain
2

Case 3:21-cv-00525   Document 55   Filed 05/10/22   Page 2 of 19 PageID #: 568

that they "can and will prove at trial" such that they have shown a "basis for subject-matter jurisdiction." *Id*. Plaintiffs also maintain that, as pro se litigants, they should be held to less stringent standards and they should be allowed to have their case heard by a jury of their peers who could "understand and smell *fraud* by an FDIC bank and *fraud upon the court* by corrupt judges, committed under "color of law" when they see it." *Id.* (emphasis original).

Plaintiffs assert, "while [they] sought over a dozen actions in state court, not one hearing resulted in disclosure within opinions and rulings of the fraud committed by Reliants' [*sic*] Defendants . . . perhaps a future payoff to these judges not yet disclosed or revealed." *Id.* Plaintiffs further contend that the Judicial Defendants acted under color of law as state officials when they committed "fraud upon the court" by "intentionally pretermitted and covered-up fraud committed by an FDIC bank against Plaintiffs; and in so doing, have denied Plaintiffs' due process … afforded under § 1983, the U.S. Constitution and other federal laws, both civil and criminal." *Id.*

With regard to the Reliant Defendants' statute of limitations and res judicata arguments, Plaintiffs respond that "contract disputes and debt collection claims have a six-year limit" and they assert that the statute has been "indefinitely" tolled because of the litigation and the "continued wrongful collection of fraud." *Id.* Plaintiffs further allege that they "timely file[d] a counterclaim, dismissed for res judicata, only to be upheld for prior suit pending instead, by Tennessee's Appellate Court." *Id.*

Plaintiffs additionally respond that the Reliant Defendants "cannot deny the repeated omission of material facts, without perjuring themselves," and are leaving the Judicial Defendants to "fend for themselves." *Id*. Plaintiffs also assert that Fed. R. Civ. P. 60 provides a basis for relief. *Id.*

Finally, Plaintiffs acknowledge that the Reliant Defendants are correct that they cannot

3

produce any evidence of payoffs, but they argue that this fact is true because Plaintiffs do not have the authority to criminally perform an investigation into the financial dealings between the Reliant Defendants and the Judicial Defendants, or to prosecute the same. *Id.* Plaintiffs ask this Court to "refer matters of suspected criminality to the Attorney General's office or other federal authorities for investigation." *Id.*

For these reasons, Plaintiffs argue that the Reliant Defendants' Motion should be denied. *Id.*

**B. Judicial Defendants' Motion to Dismiss**

The Judicial Defendants have filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)1 and 12(b)6, arguing that this action must be dismissed because:

(1)  This action is barred by the *Rooker-Feldman* doctrine;

(2)  The doctrine of absolute judicial immunity bars this claim against the Judicial Defendants in their individual capacities;

(3)  The one-year statute of limitations bars this claim against Chancellor Martin and Judge Clement in its entirety, and bars many allegations against Judge Stafford;

(4)  The Eleventh Amendment bars any claim for relief against Judge Clement, Judge Stafford and Chancellor Martin in their official capacities; and

(5)  The Judicial Defendants are not "persons" for the purposes of 42 U.S.C. §1983. Docket Nos. 33, 34.

For these reasons, the Judicial Defendants argue that their Motion should be granted, and this action should be dismissed with prejudice. *Id.*

Plaintiffs' Response to the Judicial Defendants' Motion is a restatement of the arguments contained in their Response to the Reliant Defendants' Motion, recounted above. *See* Docket No.

30.

## C. Background

### 1. First Lawsuit

This case arises out of a 2014 lawsuit brought by Defendant Reliant Bank against Plaintiffs to collect the deficiency, interest, and costs owed to it following a foreclosure of a deed of trust that secured a promissory note executed by Plaintiffs. Specifically, when Plaintiffs failed to repay their commercial real property loan when it matured, Plaintiffs requested and received two extensions of the maturity date, followed by a six-month forbearance. Plaintiffs filed a petition under Chapter 13 of the Bankruptcy Code to stop the foreclosure. After the bankruptcy case was dismissed, Reliant Bank foreclosed on the property. The foreclosure sales price did not fully satisfy the debt. Thereafter, Reliant filed suit to collect the deficiency.

Plaintiffs, who were represented by counsel during the trial, aver that the Hon. James G. Martin, III, of the 21st Judicial District of Tennessee, erred when he ruled in favor of Reliant Bank. Judge Martin found that Reliant Bank did not sell the property for less than fair market value and that the signed promissory note gave full recourse to Reliant against Plaintiffs personally. After a four-day bench trial, Judge Martin granted Reliant Bank a judgment of $640,783.41, plus post-judgment interest, as well as $106,749.01 in attorney's fees and $3,801.90 in discretionary costs.

Plaintiffs appealed to the Tennessee Court of Appeals, which heard Plaintiffs' claims, reviewed the record, and declined to grant Plaintiffs' requested relief. *Commerce Union Bank, Brentwood, Tennessee v. Bush*,[2] 512 S.W.3d 217, 226 (Tenn. Ct. App. 2016). Plaintiffs additionally applied for permission to appeal to the Tennessee Supreme Court, but their request

---

[2] At the time of this first appeal, Reliant Bank was known as "Commerce Union Bank, Brentwood, Tennessee."

was denied on November 16, 2016.

### 2. Second Lawsuit

In September 2015, while the prior case was on appeal to the Tennessee Court of Appeals, but before it had been decided, Plaintiffs filed a pro se complaint against Reliant Bank in the Chancery Court for the 21st Judicial District of Tennessee alleging causes of action against Reliant Bank arising out of the same lending transaction. Reliant Bank moved to dismiss the complaint based upon the doctrine of prior suit pending. The trial court dismissed the action on several grounds.

Plaintiffs appealed to the Tennessee Court of Appeals, which affirmed the dismissal on the basis of the prior suit pending doctrine. *Bush v. Commerce Union Bank*, 523 S.W. 3d 56, 61 (Tenn. Ct. App. 2017). Judge Stafford was on the appellate court panel but did not deliver the Opinion of the court.

Plaintiffs again applied for permission to appeal to the Tennessee Supreme Court, but their request was denied on May 18, 2017.

### 3. Third Lawsuit

On May 25, 2017, after the Tennessee Court of Appeals affirmed the trial court's dismissal, Plaintiffs filed a pro se Motion for Relief from the final judgment under Tenn. R. Civ. P. 60.02. Plaintiffs' Motion raised the same allegations of fraud against Reliant Bank and Judge Martin that are presently before this Court, and that the Tennessee Court of Appeals had previously considered and rejected. The Motion was heard by a different judge of the 21st Judicial District. The trial court revised the factual findings from the trial and reduced the deficiency judgment from $640,783.41 to $99, 736.40, plus attorney's fees and discretionary costs.

Reliant Bank appealed the trial court's Order and the Tennessee Court of Appeals reversed

the decision of the trial court, holding that Plaintiffs' Rule 60.02 Motion should have been dismissed as untimely-filed. *Reliant Bank v. Bush*, 2018 WL 6828881, at *3 (Tenn. Ct. App. 2018).

Plaintiffs again applied for permission to appeal to the Tennessee Supreme Court, but their request was denied on May 16, 2019.

### 4. Fourth Lawsuit

On November 4, 2019, Plaintiffs filed a pro se pleading in the trial court entitled, "Motion Requesting Independent Action by the Court for 'Fraud Upon the Court' by Judge James G. Martin III and TN Appellate Judge Frank Clement," to which Reliant Bank objected. Plaintiffs' Motion raised the same earlier allegations of fraud against Reliant Bank and Judge Martin but added Tennessee Court of Appeals Judge Frank Clement. The trial court dismissed the Motion pursuant to Tenn. R. Civ. P. 12.02(1) for lack of subject matter jurisdiction on November 18, 2019.

On November 25, 2019, Plaintiffs filed a pro se document entitled "Sworn Affidvit [*sic*], Defendant's [*sic*] Response to Reliant's Motion and Motion to Amend Defendant's [*sic*] Prior Motion Requesting Independent Action by the Court for 'Fraud Upon the Court' by Judge James G. Martin III and TN Appellate Judge Frank Clement." The trial court dismissed this filing sua sponte on November 26, 2019.

Plaintiffs again appealed the trial court's decision to the Tennessee Court of Appeals, which affirmed the trial court on February 5, 2021. *Reliant Bank v. Bush*, 2021 WL 408902, at *11 (Tenn. Ct. App. 2021). Judge Stafford delivered the February 5th Opinion of the Court of Appeals.

Plaintiffs again applied for permission to appeal to the Tennessee Supreme Court, but their request was denied on June 11, 2021.

### 5. The Instant Lawsuit

Plaintiffs now sue Reliant Bancorp, Inc.; William Ron DeBerry, Reliant's former Chief

7

Case 3:21-cv-00525   Document 55   Filed 05/10/22   Page 7 of 19 PageID #: 573

Executive Officer and Chairman; Reliant Bank; DeVan Ard, Jr., Reliant's Chief Executive Officer and Chairman; Rick Belote, Reliant's Senior Vice President and Special Assets Officer who was responsible for the loan after Plaintiffs failed to timely repay it; the Honorable Judge Martin of the 21st Judicial District; the Honorable Frank G. Clement of the Tennessee Court of Appeals; and the Honorable Steven J. Stafford of the Tennessee Court of Appeals.

Plaintiffs filed their original Complaint in this action on July 9, 2021. *See* Docket No. 1. On July 15, 2021, this Court entered an Order sua sponte ordering Plaintiffs to show cause why this Court has subject-matter jurisdiction in this case and directing Plaintiffs to file an Amended Complaint that complies with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a). *See* Docket No. 9.

On August 10, 2021, Plaintiffs filed an Amended Complaint that was 61 paragraphs longer than their original Complaint. *See* Docket No. 16. This Court then entered a second sua sponte Order directing Plaintiffs to submit a Second Amended Complaint that complies with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a) and that states a claim arising from a specific federal law or part of the United States Constitution. *See* Docket No. 18.

Plaintiffs filed their Second Amended Complaint in this case on September 17, 2021. Docket No. 24. Plaintiffs argue that this Court has jurisdiction pursuant to 42 U.S.C. § 1983. *Id.* Plaintiffs aver, inter alia, that the Judicial Defendants worked with the Reliant Defendants and their attorneys to defraud Plaintiffs. *Id.* Plaintiffs ask this Court to set aside all prior judgments and allow a criminal investigation to be opened, and they seek $49 million dollars, as well as punitive damages from each Defendant. *Id.*

For the reasons set forth below, the undersigned finds that this Court lacks jurisdiction over this matter. The undersigned therefore recommends that Defendants' Motions to Dismiss (Docket

8

Nos. 27; 33) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss - Fed. R. Civ. P. 12(b)(1) and (6)

Defendants assert Fed. R. Civ. P. 12(b)(1) and 12(6) as grounds for the instant Motions to Dismiss. Docket Nos. 27; 33. Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction, while Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.

#### 1. Fed. R. Civ. P. 12(b)(1)

Fed R. Civ. P. 12(b)(1) allows for the dismissal of an action for lack of subject matter jurisdiction through a Motion that challenges either the "sufficiency of the pleading itself (facial attack) or the factual existence of the subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014), *citing United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The party asserting federal jurisdiction bears the burden of establishing that a case comes within the limited jurisdiction of the federal courts. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court takes the allegations of the complaint as true when analyzing whether plaintiffs have pled a basis for subject matter jurisdiction. *Cartwright, supra.*

#### 2. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

9

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the current appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

### B. The Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine essentially provides that, because appellate review of state judgments is vested in the Supreme Court, lower federal courts lack subject matter jurisdiction to overturn a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (collectively known as the *Rooker-Feldman* doctrine). Stated another way, federal district courts lack subject matter jurisdiction to evaluate constitutional claims that are "inextricably intertwined with the state

court's decision in a judicial proceeding." *Holloway v. Brush*, 220 F.3d 767, 794 (6th Cir. 2000).

The Supreme Court has clarified the applicability of the *Rooker-Feldman* doctrine, stating:

> The *Rooker-Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

The *Rooker-Feldman* Doctrine further applies to interlocutory orders and to orders of lower state courts. *See Pieper v. Am. Arbitration Ass'n, Inc.,* 336 F.3d 458, 462-63 (6th Cir. 2003).

Disposition of the federal action, once the state court adjudication is complete, is governed by preclusion law. *Id.* at 293. This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds. *Lawrence v. Welch*, 531 F. 3d 364, 369 (6th Cir. 2008).

The Sixth Circuit has discussed the kind of injuries the doctrine precludes from review, stating:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006). *See also, Lawrence,* 531 F. 3d at 368.

Where the source of the injury is both a state court decision and third-party actions, the Sixth Circuit instructs a determination to be made regarding whether the injury is "inextricably intertwined" with the state court decision; if it is, then the *Rooker-Feldman* applies. *McCormick*, 451 F.3d at 395. An injury is "inextricably intertwined" with the state court decision when "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."

11

*Peterson Novelties, Inc. v. City of Berkeley*, 305 F.3d 386, 391 (6th Cir. 2002).

### C. Eleventh Amendment Immunity

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has construed the Eleventh Amendment and/or the related concept of sovereign immunity to also bar actions by citizens alleging violations of federal law against their own states in federal or state court. *See Alden v. Maine,* 527 U.S. 706 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 131 U.S. 1 (1890). The Supreme Court has also held that sovereign immunity bars citizen suits against states in federal court for violations of state law. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984). Moreover, the Court has recognized that the "sovereign immunity" of the States is a concept "inherent" in the Constitution and that it is not limited by the language of the Eleventh Amendment. *See Alden*, 527 U.S. at 728-29.

There are two main exceptions to sovereign immunity. First, Congress can abrogate a state's sovereign immunity by passing appropriate legislation pursuant to Section 5 of the Fourteenth Amendment. *See Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 101 (1989). Second, a state may waive its immunity from suit. *See Pennhurst*, 465 U.S. at 99-100. Federal courts cannot assume that a state has waived its sovereign immunity unless the state has explicitly done so, or there are "such overwhelming implications from the text [of a statute] as [to] leave room no room for any other reasonable construction." *Edelman*, 415 U.S. at 673. *See also, Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002).

### D. Judicial Immunity

The law is well-settled that judges are judicially immune from suits arising out of the performance of their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). Moreover, the Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson*, 386 U.S. at 554-55. Additionally, judges will not be deprived of immunity because the actions they took may have been in error, were done maliciously, or were in excess of his authority. *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Pierson*, 386 U.S. at 554. Judicial immunity can be overcome only when the judge engages in non-judicial actions (*i.e.* actions not taken in the judge's judicial capacity) or when the judge takes actions in the complete absence of all jurisdiction.

### E. Res Judicata

Res judicata is a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action [.]" *Richardson v. Tenn. Bd. Of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995), *quoting* Black's Law Dictionary 1172 (5th ed.1979). It is a claim preclusion doctrine that prohibits a subsequent lawsuit between the same parties with respect to all issues that were or could have been litigated in a previous suit. *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987).

### . 42 U.S.C. § 1983

#### 1. Generally

Plaintiff alleges violations of his rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 24. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

2. **Official Capacity Claims**

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000), *citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

When the public employee is an employee of the state, they stand in the shoes of their employer: the State of Tennessee. The law is well-settled that a state is not a "person" within the

meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002).

### 3. Statute of Limitations

The statute of limitations to § 1983 claims is the state statute of limitations applicable to personal injury actions in the state which the § 1983 claims arose. *Robertson v. Tennessee,* 399 F.3d 792, 794 (6th Cir. 2005); *Haley v. Clarksville-Montgomery School Sys.*, 353 F.Supp.3d 724, 730 (M.D. Tenn. 2018). The applicable limitations period in Tennessee is one year. Tenn. Code. Ann. § 28-3-104(a).

### F. The Case at Bar

Preliminarily, the Court must have jurisdiction over this matter in order to consider Plaintiffs' claims. For the reasons discussed below, this Court does not do so.

### 1. Reliant Defendants

#### a. Rooker-Feldman

As discussed above, the *Rooker-Feldman* doctrine provides that federal district courts lack subject matter jurisdiction to overturn a state court decision, when the cause of the injury is the state court decision; it applies when the issues raised in the federal action implicate the validity of the state court proceedings. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Here, Plaintiffs ask this Court to "set aside all prior judgments" and therefore seek to launch an impermissible collateral attack on a final, non-appealable state court judgment. As set forth above, Plaintiffs' have filed four actions in state court each stemming from the same nucleus of facts and raising the same underlying arguments. After losing each action, Plaintiffs appealed to the Tennessee Court of Appeals. After losing each appeal, Plaintiffs applied for permission to appeal to the Tennessee Supreme Court, but their requests were denied. Plaintiffs file suit herein

raising the same nucleus of allegations about the promissory note, the conduct of Reliant Bank, its officers, and the judicial defendants who were involved in the state court proceedings. At its essence, Plaintiffs ask this Court to invalidate those state court judgments. Under the facts before the Court, this Court has no jurisdiction to do so.

### b. Res Judicata

As discussed above, res judicata is a claim preclusion doctrine that prohibits a subsequent lawsuit between the same parties with respect to all issues that were or could have been litigated in a previous suit. *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987).

In the instant action, Plaintiffs' claims relate to Reliant Bank's conduct with regard to originating and servicing their loan, and ultimately foreclosing upon the collateral for that loan. Plaintiffs' claims against the Reliant Defendants arise from the same transaction, have the same nucleus of operative facts, and were, or could have been, litigated in the state court proceedings between the parties. As such, Plaintiffs claims against the Reliant Defendants are barred by the doctrine of res judicata.

### c. § 1983 Claim

With regard to their § 1983 claim, as discussed above, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Atkins*, 487 U.S. at 48 (1988). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49.

The Reliant Defendants consist of Reliant Bank and current and former officers, none of

whom are state actors. Because Plaintiffs cannot establish a constitutional deprivation committed by a person acting under color of state law, they cannot prevail on their § 1983 claim.

### 2. Judicial Defendants

#### a. Judicial Immunity

Turning next to the Judicial Defendants, beyond being barred by the *Rooker-Feldman* Doctrine, discussed *supra*, this Court does not have jurisdiction over Plaintiff's claims against the Judicial Defendants because they are judicially immune. As discussed above, the law is well-settled that judges are judicially immune from suits arising out of the performance of their judicial functions. *Ray*, 386 U.S. at 553-54; *Parrish*, 203 F.3d at 944. Moreover, the Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *LaHue*, 460 U.S. at 334; *Pierson*, 386 U.S. at 554-55. Additionally, judges will not be deprived of immunity because the actions they took may have been in error, were done maliciously, or were in excess of his authority. *Waco*, 502 U.S. at 11; *Pierson*, 386 U.S. at 554. Judicial immunity can be overcome only when the judge engages in non-judicial actions (*i.e.* actions not taken in the judge's judicial capacity) or when the judge takes actions in the complete absence of all jurisdiction.

In the case at bar, Plaintiffs' allegations against the Judicial Defendants relate to judicial acts. Specifically, Plaintiffs' allegations against Chancellor Martin relate to acts taken during the Chancery Court proceedings, including hearing evidence, rendering a decision, and deciding Motions. Plaintiffs' allegations against Judge Clement and Judge Stafford relate to acts taken in their judicial capacity when deciding Plaintiffs' appeals before the Tennessee Court of Appeals. Because the actions complained of are judicial in nature, the Judicial Defendants are entitled to absolute judicial immunity.

b. **§ 1983 Claims**

Additionally, with regard to Plaintiffs' official capacity § 1983 claims, the Judicial Defendants stand in the shoes of their employer: the State of Tennessee. The law is well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002). Accordingly, Plaintiffs cannot maintain their § 1983 official capacity claims against the Judicial Defendants.

c. **Eleventh Amendment Immunity**

Moreover, as discussed above, in enacting the federal civil rights statutes that provide a cause of action for violation of federal statutory or constitutional rights, Congress did not abrogate the sovereign immunity of the states. *See Quern v. Jordan*, 440 U.S. 332, 338-45 (1979). Eleventh Amendment immunity protects states, as well as state officials in their official capacities, from being sued in federal court for money damages (*Boler v. Early*, 865 F.3d 391, 409-10 (6th Cir. 2017). Furthermore, Tennessee has not waived its sovereign immunity from suit in cases such as the case at bar. *See, e.g., Barton*, 293 F.3d at 948. Because Congress has not abrogated, and Tennessee has not waived, sovereign immunity, Plaintiffs cannot sustain their claims against the Judicial Defendants.

### III. CONCLUSION

For the reasons discussed above, the undersigned finds that this Court lacks jurisdiction over this matter. The undersigned therefore recommends that Defendants' Motions to Dismiss (Docket Nos. 27; 33) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**