IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BYRON V. BUSH and KELLY DIANE BUSH, ) ) ) Plaintiffs, ) ) v. ) ) RELIANT BANK, et al., ) ) Defendants. ) ) ) | No. 3:21-cv-00525 JUDGE RICHARDSON |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 55) recommending Defendants' respective motions to dismiss (Docs. No. 27 and 33, collectively "Motions") be granted. Defendants Reliant Bank, Reliant Bancorp, Inc., William Ronald DeBerry, DeVan D. Ard, Jr., and Rick Belote (collectively, "Reliant Defendants") filed the first motion to dismiss (Doc. No. 27). Defendants Court of Appeal Judges Frank Clement and Steven Stafford, and Chancellor James Martin III (collectively, "Judicial Defendants") filed the second motion to dismiss (Doc. No. 33). The R&R recommended, more specifically, that Plaintiffs' case be dismissed for lack of jurisdiction. (Doc. No. 55 at 18).

Plaintiffs filed an objection (Doc. No. 56, "Objection") to the R&R's recommendation that Plaintiffs' claims be dismissed. Defendants filed a response to Plaintiffs' objections (Doc. No. 57, "Response") and Plaintiffs did not file a reply.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and

recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*.

Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that "[s]uch objections must be written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made."[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Response, and the file. For the reasons set forth below, Plaintiffs' Objection is overruled, and the R&R is adopted and approved.

## BACKGROUND

The facts are aptly set forth in the R&R and need not be repeated here in full. However, the Court will provide a brief overview.

The initial groundwork for this claim was laid in 2014 when Defendant Reliant Bank brought a lawsuit against Plaintiffs for failure to repay their commercial real property loan, which ended in a foreclosure sale. (Doc. No. 55 at 5). Defendant Judge James G. Martin, III, of the 21st Judicial District of Tennessee, found in favor of Defendant Reliant Bank and upheld the foreclosure sale price. (*Id.*). Plaintiffs appealed this decision, specifically alleging that the parties agreed to a nonrecourse note, which (according to Plaintiff) Reliant Bank breached when it sought to hold Plaintiffs personally liable for the debt. The Tennessee Court of Appeals affirmed the lower

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections.

court's finding that all parties did in fact intend a full recourse note. *Com. Union Bank, Brentwood, Tennessee v. Bush*, 512 S.W.3d 217, 232 (Ct. App. Tenn. 2016) (hereinafter *Bush*).

Before the Tennessee Court of Appeals decided the aforementioned case, Plaintiffs filed a *pro se* complaint against Reliant Bank in Chancery Court for the 21st Judicial District of Tennessee, which the trial court dismissed on several grounds. (Doc. No. 55 at 6). Plaintiffs appealed, and the Tennessee Court of Appeals affirmed the dismissal based on the doctrine of prior suit pending. (*Id.*) (citing *Bush v. Com. Union Bank*, 523 S.W.3d 56, 61 (Tenn. Ct. App. 2017)). After the Tennessee Court of Appeals affirmed dismissal of the second lawsuit, Plaintiffs filed a *pro se* Motion for Relief from the final judgement under Tenn. R. Civ. P. 60.02, "rais[ing] the same allegations of fraud against Reliant Bank and Judge Martin that are presently before this Court, and that the Tennessee Court of Appeals had previously considered and rejected." (*Id.*). The trial court reduced the deficiency judgment against Plaintiffs, Reliant Bank appealed, and the Tennessee Court of Appeals reversed, reasoning that Plaintiffs' Rule 60.02 motion should have been dismissed as untimely filed. (*Id.* at 6–7) (citing *Reliant Bank v. Bush*, 2018 WL 6828881, at *2 (Tenn. Ct. App. 2018)).

Finally, in 2019, Plaintiffs filed a "Motion Requesting Independent Action by the Court for 'Fraud Upon the Court' by Judge James G. Martin III and TN Appellate Judge Frank Clement" in Williamson County Chancery Court, which reiterated their allegations of fraud against Reliant Bank and Judge Martin and included new allegations against Tennessee Court of Appeals Judge Frank Clement. (*Id.* at 7). The Chancery Court ruled against Plaintiffs, and the Tennessee Court of Appeals affirmed its decision. *See Reliant Bank v. Bush*, 631 S.W.3d 1, 4 (Tenn. Ct. App. 2021).[2]

## DISCUSSION

---

[2] In each of the four state cases, Plaintiffs applied for permission to appeal to the Tennessee Supreme Court and were denied each time.

Plaintiffs object to many of the R&R recommendations, which will each be addressed in turn.

A.     **<u>Procedural Objections</u>**

To begin with, Plaintiffs object to Judge Frensley issuing his R&R for this case, claiming they "never consented" to a trial before a Magistrate Judge, citing to the *Practice and Procedure Manual for Judges and Magistrate Judges for the Middle District of Tennessee* written by Judge Frensley. (Doc. No. 56 at 2). Plaintiffs correctly note that the Manual states that Judge Frensley will only "rule on dispositive motions when the parties consent to trial before a Magistrate Judge." *Practice and Procedure Manual* at 3. However, Judge Frensley does not himself rule on a dispositive motion when he issues an R&R recommending to the District Judge how to rule on a motion. Instead, under Fed. R. Civ. P. 72(b), a magistrate judge may "enter a recommended disposition" as to a dispositive motion, and then the District Judge decides whether to "accept, reject, or modify the recommended disposition." In this way, the district judge, and not the magistrate judge, ultimately rules on the dispositive motion. This is what has (properly) taken place here.

Plaintiffs further object that Judge Frensley "did not present any 'appropriate, proposed findings of fact' as required by Rule 72 in his recommendation for dismissal." (Doc. No. 56 at 15). Plaintiffs refer to Fed R. Civ. P. 72(b) in particular, which states that "[t]he magistrate judge must enter a recommended disposition, including, *if appropriate*, proposed findings of fact." (emphasis added). Plaintiffs misinterpret Fed. R. Civ. P. 72(b) to *require* a magistrate judge to include proposed findings of fact, when in actuality whether to do so is within the magistrate judge's discretion. As explained below, Judge Frensley appropriately chose not to include proposed findings of fact in the R&R.

Plaintiffs make other procedural objections, namely that Judge Frensley did not consider Plaintiffs' Motion for Summary Judgement (Doc. No. 44), their Memorandum in Support of their Motion for Summary Judgment (Doc. No. 45), or their "Statement of Undisputed Facts" (Doc. No. 46). These objections relate directly to Plaintiffs' argument that Judge Frensley failed to make "proposed findings of fact." (Doc. No. 56 at 15). However, as Defendants brought their Motions under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, the Motions must be considered *before* considering Plaintiffs' Motion for Summary Judgment. *See, e.g., Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination."); *Accord v. Anderson Cnty., Tennessee*, No. 3:21-CV-00077, 2021 WL 6135691, at *2 (M.D. Tenn. Dec. 28, 2021) ("Federal courts must decide jurisdictional questions before considering issues related to the merits of a case." (citing *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016))).

> There are two types of challenges to subject-matter jurisdiction: facial and factual.
>
> A facial attack challenges merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true. If those allegations establish cognizable federal subject-matter jurisdiction, jurisdiction exists. A factual attack instead raises a factual controversy concerning whether subject-matter jurisdiction exists. Where there is a factual attack on the subject-matter jurisdiction of the court under Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness applies to the complaint's allegations; instead, the court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist.

*Doe v. Lee*, No. 3:21-CV-00809, 2022 WL 1164228, at *4 (M.D. Tenn. Apr. 19, 2022).

Though neither Defendants nor Judge Frensley state whether the challenge is facial or factual, given Judge Frensley's reliance on state court documents, this Court will presume the challenge to be factual.

It was within Judge Frensley's discretion to choose to only consider the state court documents and not venture beyond to additional evidentiary proffers or assertions. *Cartwright v.*

*Garner*, 751 F.3d 752, 759 (6th Cir. 2014) ("In the case of a factual attack, *a court has broad discretion with respect to what evidence to consider* in deciding whether subject matter jurisdiction exists[.]" (emphasis added)). Judge Frensley did not err in deciding not to consider Plaintiffs' "Statement of Undisputed Facts," as he was able to resolve the factual challenges to subject-matter jurisdiction by consulting the state court documents alone. Furthermore, given that Judge Frensley *needed* to address challenges to jurisdiction first, and ultimately found that the Court lacks jurisdiction in this case, it would have been inappropriate for him to consider Plaintiffs' Motion for Summary Judgment either concurrently with or before Defendants' Motions. As the undersigned has recently stated, federal courts must decide jurisdictional questions before considering issues related to the merits of a case. *Accord*, 2021 WL 6135691, at *2. Thus, it was appropriate for Judge Frensley not to consider Plaintiffs' Motion for Summary Judgement, their Memorandum in Support of their Motion for Summary Judgment, or their "Statement of Undisputed Facts."

**B.     Objections to *Rooker-Feldman* Analysis**

In dismissing Plaintiffs' claims against Reliant Defendants, Judge Frensley relies primarily on the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "is a narrow principle of law by which federal district courts must not consider 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Sears v. Sears*, No. 3:19-CV-00807, 2020 WL 606596, at *4 (M.D. Tenn. Feb. 7, 2020) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In other words, under *Rooker-Feldman*, "[a] complaint that 'essentially invite[s] federal courts of first instance to review and reverse unfavorable state-court judgments' should be 'dismissed for want of subject-matter jurisdiction.'"

*Tubbs v. Long*, No. 3:20-CV-00477, 2022 WL 508895, at *5 (M.D. Tenn. Feb. 17, 2022) (quoting *Exxon Mobil Corp.*, 544 U.S. at 283–84).

The R&R explains that "Plaintiffs filed suit herein raising the same nucleus of allegations [as raised in the four state court litigations.] At its essence, Plaintiffs ask this Court to invalidate those state judgments." (Doc. No. 55 at 16). Plaintiffs object, arguing that they "are not trying to re-litigate any matters already litigated, i.e., matters that state courts and now Magistrate Frensley have refused to litigate, acknowledge or address, even though presented by Plaintiffs to the courts on more than a dozen occasions." (Doc. No. 56 at 10). Plaintiffs instead contend that "the source of injury in this matter was Reliant's failure to fulfill their obligation i.e., Reliant fraudulently Breached their Contract with Plaintiffs." (*Id.* (quotations omitted)).

However, Judge Frensley is correct in his analysis that *Rooker-Feldman* bars Plaintiffs from bringing further claims of fraud against Reliant Defendants. In the original state lawsuit that went before the Tennessee Court of Appeals, the court "affirm[ed] the trial court's holding that the note is a full recourse transaction and that Dr. and Mrs. Bush are both personally liable under the note." *Bush*, 512 S.W.3d at 232. As Plaintiffs bring the same claim of fraud rooted in whether the note was a full recourse transaction (a question Plaintiffs have consistently asserted should be answered in the negative), the *Rooker-Feldman* doctrine bars Plaintiffs' claims against Reliant Defendants, as to rule on this action would be, in effect, an (improper) appeal of the state court ruling. Thus, the Court overrules Plaintiffs' objections to the R&R's determination on the *Rooker-Feldman* doctrine and adopts the R&R's reasoning.[3]

---

[3] Given that the Court has determined it lacks subject-matter jurisdiction over Reliant Defendants due to *Rooker-Feldman* concerns, it will refrain from addressing the remaining substantive grounds on which Judge Frensley suggests dismissing the claims against Reliant Defendants, and to which Plaintiffs have objected. *See Amacher v. Tennessee*, No. 3:21-CV-00638, 2022 WL 141607, at *6 (M.D. Tenn. Jan. 14, 2022) ("As the Court has determined it lacks subject-matter jurisdiction over the case, it will not consider any of the other arguments for dismissal outlined in the Motion. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ('Without jurisdiction the court

C. **Objections to Sovereign Immunity Analysis**

Like many before him,[4] and very understandably, Judge Frensley apparently has conflated Eleventh Amendment immunity and sovereign immunity. *See WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021) ( "The parties and the district court conflate the common-law doctrine of sovereign immunity with the immunity conferred by the Eleventh Amendment. And they are not the first: courts have often treated Eleventh Amendment immunity and sovereign immunity as interchangeable concepts. But as a matter of original meaning, the two are conceptually distinct.") (citations omitted); *id.* at 514 n.4 ( "We recognize that courts have departed somewhat from the Eleventh Amendment's original meaning and have largely forced sovereign immunity and the Eleventh Amendment into the same Procrustean bed.")

The Sixth Circuit recently clarified the distinction between the two:

> The Eleventh Amendment removes from federal jurisdiction "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. Const. amend. XI. The plain text of the amendment includes a diversity requirement and sounds in subject-matter jurisdiction. William Baude & Stephen E. Sachs, *The Misunderstood Eleventh Amendment*, 169 U. Pa. L. Rev. 609, 612 (2021) . . . State sovereign immunity, on the other hand, refers to a state's right "not to be amenable to the suit of an individual without its consent." The Federalist No. 81, at 486 (Alexander Hamilton) (Clinton Rossiter ed., 1961) (emphasis omitted). . . It sounds in personal jurisdiction and may be waived by a state's conduct. Caleb Nelson, *Sovereign Immunity as a Doctrine of Personal Jurisdiction*, 115 Harv. L. Rev. 1559, 1565–66 (2002). *And unlike the Eleventh Amendment,* it erects a jurisdictional bar in both state and federal courts and *does not require diversity among the litigants*. See Baude & Sachs, supra, at 614.

*WCI, Inc.*, 18 F.4th at 513–14 (emphasis added).

---

cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.')").

[4] The Court realizes that a couple of the cases it cites below likewise conflate (in their terminology and/or their discussions as a whole) Eleventh Amendment immunity and sovereign immunity, but such conflation does not impair the relevance or persuasiveness of the particular propositions (concerning sovereign immunity) for which these cases are cited.

As there is no diversity of parties in the case at bar, Eleventh Amendment immunity does not come into play. *Id.* at 514 ("Because the parties are not diverse, . . .. the Eleventh Amendment, by its plain terms, does not [apply]."). Consequently, it is appropriate to treat Judicial Defendants' asserted grounds, and Judge Frensley's stated grounds, for dismissal as being of *sovereign* immunity.[5] So, the Court will consider the basis for dismissal as being sovereign immunity (and thus a lack of personal jurisdiction) rather than Eleventh Amendment immunity (and thus a lack of subject-matter jurisdiction).[6]

Though Plaintiffs fail to clarify in their Second Amended Complaint whether they are suing the Judicial Defendants in their individual capacity or in their official capacity,[7] the Judicial Defendants presumed they were being sued in their official capacity in their Motion to Dismiss (Doc. No. 34), and Plaintiffs never objected to that assumption in their response (Doc. No. 36). The Court will thus proceed, as did Judge Frensley, as if Plaintiffs are bringing the present suit

---

[5] Indeed, Judge Frensley refers to sovereign immunity throughout the R&R, stating, "[b]ecause Congress has not abrogated, and Tennessee has not waived, sovereign immunity, Plaintiffs cannot sustain their claims against the Judicial Defendants." (Doc. No. 55 at 18).

[6] As the undersigned stated in another recent case involving conflation of Eleventh Amendment immunity and sovereign immunity,

> [t]he Court declines to reject Defendant's argument on the grounds that it was incorrectly couched in terms of Eleventh Amendment Immunity and lack of subject-matter jurisdiction under Rule 12(b)(1). In *WCI, Inc.*, the Sixth Circuit seemed content to address the clear substance of the defendant's immunity argument, even though it was likewise mischaracterized. *Id.* at 512-513 (noting that the defendant had asserted a lack of subject matter jurisdiction and that the parties had conflated Eleventh Amendment immunity with sovereign immunity). The Court will do likewise, realizing (as it seems the Sixth Circuit did in *WCI, Inc.*) that confusion on this point is quite understandable and the movant's error in no way obscures the true basis to the challenge to jurisdiction for a court that properly understands the distinction between sovereign immunity and Eleventh Amendment immunity.

*Thomas v. Tennessee Dep't Hum. Servs.*, No. 3:21-cv-00426, 2022 WL 2286780, *3 n.5 (M.D. Tenn. June 23, 2022). The Court likewise so declines in this case.

[7] "In an official capacity action [for damages as opposed to injunctive relief], the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." *Pusey v. City of Youngstown,* 11 F.3d 652, 657 (6th Cir. 1993).

against Judicial Defendants in their official capacity. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity [of which the defendant is an agent]." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). So if a defendant is sued in her official capacity, and she is an agent of the state in particular (as opposed to, for example, an agent of the federal government), then the suit is to be treated as a suit against the state.

"The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity[] may possess." *Id.* (quoting *Graham*, 473 U.S. at 166-67). The reference here is to the entity of which that the person being sued (in her official capacity) is an official; that is, if a defendant sued in her official capacity is an official of a particular entity that enjoys sovereign immunity, then the official-capacity claims are barred by sovereign immunity. Tennessee state court judges are officials not just of some governmental entity, but of the State of Tennessee in particular. Therefore, "any official capacity claims against a Tennessee state-court judge or judges are barred by sovereign immunity." *Seymore v. Tennessee*, No. 18-2633-JDT-TMP, 2018 WL 6173893, at *3 (W.D. Tenn. Nov. 26, 2018); *Hessmer v. Bad Gov't*, No. 3:12-CV-590, 2012 WL 3945315, at *11 (M.D. Tenn. Sept. 10, 2012) ("To the extent the defendant judges are state officials, the official-capacity claims against them are subject to dismissal on sovereign-immunity grounds under the Eleventh Amendment."), *report and recommendation approved*, No. 3-12-0590, 2012 WL 5197759 (M.D. Tenn. Oct. 19, 2012); *Gentry v. Thompson*, No. 17-5204, 2017 WL 7736937, at *2 (6th Cir. Sept. 14, 2017) (citing *Hessmer* with approval for the proposition that judges in Tennessee are state officials and that therefore sovereign immunity bars official capacity suits against state judges).

As the Sixth Circuit has explained, sovereign immunity is a matter of personal jurisdiction that may be waived by the state's conduct. *WCI, Inc.,* 18 F.4th at 513–14. But as noted by Judge Frensley in the R&R, "Tennessee has not waived its sovereign immunity from suit in cases such as the case at bar." (Doc. No. 55 at 18).

Plaintiffs do include a section in their Objection entitled "Judicial Immunity/11th Amendment."[8] However, Plaintiffs' Objection fails to identify any specific issues with Judge Frensley's Eleventh Amendment (more accurately, sovereign immunity) analysis, and thus fails to "state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made." Local Rule 72.02(a). Thus, the Court overrules Plaintiffs' objections to the R&R's determination on sovereign immunity and adopts the R&R's reasoning.[9]

D.      **Objections Related to this Court's Previous Order**

Plaintiffs further argue that Judge Frensley is incorrect in recommending that the undersigned find a lack of subject-matter jurisdiction based on language in a previous order issued by the undersigned (Doc. No. 26). In that order—in which the undersigned, in relevant part, referred the case to Judge Frensley for case management and reports and recommendations on dispositive civil motions—the undersigned wrote that "[a]lthough the Second Amended Complaint

---

[8] Though Plaintiffs' section ostensibly addresses Eleventh Amendment immunity, given that the Court is considering Judge Frensley's argument as discussing sovereign immunity, the Court will extend the same interpretative lens to Plaintiffs' Objection.

[9] As the Court has determined it lacks personal jurisdiction over Judicial Defendants, it will not consider the remaining substantive grounds on which Judge Frensley recommends dismissing the claims against them. *See Brunson v. Capitol Cmg, Inc.*, No. 3:20-CV-01056, 2021 WL 3081327, at *2 (M.D. Tenn. July 21, 2021), *motion to certify appeal denied*, No. 3:20-CV-01056, 2021 WL 3406686 (M.D. Tenn. Aug. 4, 2021) ("[T]he Court has no power to render a merits decision if it lacks personal jurisdiction over the defendant." (quoting *Boulger v. Woods*, 306 F. Supp. 3d 985, 996 (S.D. Ohio 2018))). In this regard, the Court notes that based on its research, it is unclear whether judicial immunity is a jurisdictional defense or a merits-based defense; because it possibly is a merits-based defense, the Court declines to address it just as it would any merits-based defense.

is far from a model of clarity, it sufficiently states claims under 42 U.S.C. § 1983 to show a basis for subject-matter jurisdiction." (*Id.* at 1).

The Court did not mean by that statement that it found that Plaintiffs had absolutely established subject-matter jurisdiction for all future purposes, but rather meant only that Plaintiffs' Second Amended Complaint had alleged sufficient claims to survive an "initial screening." (*Id.* at 2). The order was specifically referring to two previous orders (Doc. Nos. 9 and 18) from the Court requiring Plaintiffs to amend their Original Complaint (Doc. No. 1), and their Amended Complaint (Doc. No. 16), neither of which properly invoked federal-question subject-matter jurisdiction.[10] In the first two complaints, Plaintiffs alleged "fraud" and "fraud upon the court," neither of which are federally recognized actions. In the Court's order referring the case to Judge Frensley, the language Plaintiffs refer to merely acknowledges that Plaintiffs had included a claim over which the Court *potentially could* have federal-question subject-matter jurisdiction. But as noted by several district courts in this circuit (albeit typically in the context of a motion to remand to state court), "[t]he district court is charged with the duty of continually reexamining its [subject-matter] jurisdiction." *Gupta v. Avanta Orthopaedics, Inc.*, No. 3:03-CV-617-S, 2005 WL 1711970, at *2 (W.D. Ky. July 20, 2005) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1 (1983)). *Accord, e.g.*, *Anderson v. Burgess*, No. 1:05-CV-290, 2006 WL 335519, at *1 (E.D. Tenn. Feb. 14, 2006). *See also Skelton v. Saia*, No. 2:17-CV-00277-JEO, 2018 WL 1784381, at *2 (N.D. Ala. Apr. 13, 2018) ("[A] federal court must continually monitor its subject-matter jurisdiction."). Upon re-examining subject-matter jurisdiction in its required review of Judge Frensley's R&R, the Court concludes that Judge Frensley was correct and that this Court lacks subject-matter

---

[10] "A plaintiff properly invokes federal-question jurisdiction under Section 1331 when he pleads a colorable claim arising under the Constitution or laws of the United States." (Doc. No. 18 at 2) (internal citations omitted).

jurisdiction over the Reliant Defendants (not to mention personal jurisdiction over the Judicial Defendants).

## CONCLUSION

For the reasons given herein, Plaintiffs' objections are **OVERRULED**, and Judge Frensley's Report and Recommendation is **ADOPTED in part**. Specifically, the R&R is adopted with respect to the recommendation that Plaintiffs' claims against Reliant Defendants be dismissed due to a lack of subject-matter jurisdiction under *Rooker-Feldman*, and the recommendation that Plaintiffs' claims against Judicial Defendants be dismissed for a lack of personal jurisdiction due to sovereign immunity. The Court declines to adopt the remaining recommendations for dismissal (issues of *res judicata*, failure to state a claim under Section 1983, and judicial immunity) because it has determined it lacks jurisdiction to hear the case.

Accordingly, Defendants' Motions are **GRANTED in part.** Specifically, Reliant Defendants' Motion (Doc. No. 27) is **granted** with respect to its request for dismissal under 12(b)(1) and **denied as moot** with respect to its request for dismissal under 12(b)(6). Judicial Defendants' Motion (Doc. No. 33) is **granted** with respect to its request for dismissal due to sovereign immunity (appropriately brought under Rule 12(b)(2)) and **denied as moot** with respect to all other arguments for dismissal. Plaintiffs' claims against both Reliant Defendants and Judicial Defendants are **DISMISSED without prejudice** for lack of jurisdiction.

This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58.[11]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[11] The Court will ignore the unsupported and unjustified *ad hominem* attacks Plaintiffs launch against Judge Frensley, as dignifying those attacks with a response would be unwarranted.